MEMORANDUM **
Plaintiffs appeal from the district court’s dismissal of this diversity action for lack of constitutional standing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
The district court understood plaintiffs, California auto insurance policy holders, to *617 allege that defendants, auto insurers and an industry organization, “conspired not to compete as to the quality of crash parts such that, in some instances, a policy holder will not receive the full value of the premium.” The district court held that plaintiffs’ claim “is based solely on the anticipated use of inferior crash parts such that [plaintiffs’ injuries are speculative and insufficient to confer standing under Article III.”
The district court misunderstood plaintiffs’ claim. Plaintiffs allege that defendants violated California antitrust law by conspiring to thwart competition over, and to deceive plaintiffs with respect to, repair coverage quality. Such conspiracy and deception, according to plaintiffs, prevented higher quality coverage from reaching the market and artificially inflated premiums for lower quality coverage. Plaintiffs have standing to pursue such a claim. The injury alleged — anticompetitive prices charged to all policyholders regardless of whether any particular insured ever has a repair need — is sufficient to confer constitutional standing: the alleged overcharges are a concrete, particularized, and actual injury-in-fact that is fairly traceable to the conduct complained of, and is likely to be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
We offer no view as to whether plaintiffs can state a cognizable claim and do not consider at this juncture defendants’ arguments with respect to California insurance law.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.